**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

NCS Pearson, Inc.,

Plaintiff,

v.

Measurement Inc.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-382 ADM/AJB

---

Albert L. Underhill, Esq., and Jeffrey P. Cook, Esq., Merchant & Gould, P.C., Minneapolis, MN, appeared for Plaintiff.

Rebecca Egge Moos, Esq., Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, MN, and Susan Freya Olive, Esq., Olive & Olive, P.A., Durham, NC, appeared for and on behalf of Defendant.

---

## I. INTRODUCTION

On February 6, 2003, the Motion to Dismiss [Docket No. 5] of Defendant Measurement Inc. ("Defendant") was argued before the undersigned United States District Judge. Defendant seeks dismissal for insufficiency of service of process and for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer or stay. For the reasons set forth below, the Motion to Dismiss is granted.

## II. BACKGROUND

Defendant's business is the field of test scoring, frequently scoring tests for State Departments of Education and other testing authorities throughout the United States. Scherich Decl. ¶¶ 2, 4. Plaintiff NCS Pearson, Inc. ("Plaintiff"), also scores tests, and sells scanners used in the scoring process. Plaintiff is a Minnesota corporation with its testing division headquarters

MAY - 2 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

in Iowa City, Iowa. Id. ¶ 13, Ex. 2. Plaintiff and Defendant participated in bids together and split up work and, on occasion, Defendant has purchased supplies and maintenance services from Plaintiff. All services by Defendant were provided outside Minnesota, and all supplies were ordered through Plaintiff's offices outside Minnesota and were sent to Defendant's offices outside Minnesota.

Defendant is a North Carolina corporation that maintains its principal place of business in North Carolina. While Defendant has business locations outside North Carolina, it maintains no offices in Minnesota, nor does it have any employees or agents in Minnesota. Defendant owns no property in Minnesota, maintains no books, records, documents or other materials in Minnesota, and is not authorized to do business in Minnesota. Further, Defendant has not conducted advertising or other promotional activities directed towards Minnesota residents. Scherich Decl. ¶¶ 6-8. Defendant's website is hosted by Defendant in North Carolina, but no services are provided from the website. Defendant has not targeted any advertising via the Internet to Minnesota. Scherich Decl. ¶ 8. In relation to the test scoring devices that are the subject of Plaintiff's patent infringement claims,[1] Defendant has not conducted any scoring activities for testing authorities located in Minnesota. Id. ¶ 10.

Plaintiff filed this suit on February 14, 2002 [Docket No. 1], asserting that Defendant's test scoring activities infringe the patents in suit. Defendant was not served with process within the 120-day period prescribed by Federal Rule of Civil Procedure 4(m). Approximately nine months later, Plaintiff sent an *ex parte* "[Proposed] Order Granting Extention of Time to Serve

---

[1] The patents in suit generally deal with methods and systems for image-based electronic scoring of non-objective test materials, such as essay tests.

Summons and Complaint" [Docket No. 2] to Magistrate Judge Arthur J. Boylan. The Proposed Order states that NCS "did not serve the Complaint" on Defendant "because of pending settlement discussions," but "must now proceed to prosecute," implying settlement discussions had continued throughout the time between February and November. Docket No. 2; Coffey Decl. Ex. 3. A letter of November 4, 2002, from Plaintiff's counsel to Judge Boylan, states:

> [Plaintiff] filed its Complaint in February of 2002 . . . but did not formally serve the Complaint in view of settlement discussions. No settlement was reached and a dispute still exists . . . . [Plaintiff] finds that it must proceed with the prosecution of its cause of action.

Cook Decl. Ex. 19. The Proposed Order was signed by Judge Boylan and filed on November 5, 2002 [Docket No. 2]. Service was made on Defendant on November 8, 2002 [Docket No. 3]. It is undisputed that the last settlement communications between Plaintiff and Defendant occurred in late March and early April, 2002, and there were no settlement discussions subsequently.

After the long shelf-life of the February Minnesota filing, Defendant filed a suit inclusive of more patents in North Carolina on October 23, 2002, which was served on October 25, 2002. Plaintiffs admit that this filing was a "wake-up call," prompting them to pursue the dormant Minnesota claim.

## III. DISCUSSION

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss claims for insufficiency of process or of service of process. Fed. R. Civ. P. 12(b)(4), (5). Rule 12 also allows dismissal for lack of personal jurisdiction or improper venue. Fed. R. Civ. P. 12(b)(2), (3). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true.

Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the non-moving party. Ossman, 825 F. Supp. at 880.

A complaint should be dismissed "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey, 44 F.3d at 671.

**A. Insufficiency of Service of Process**

Properly effected service of process is a fundamental element to any lawsuit. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Service of process must be completed within 120 days from the date when a complaint is filed, unless such deadline is extended by the court. Fed. R. Civ. P. 4(m). Here, no motion for extension was filed by Plaintiff within the 120-day period. Instead, months after the service period expired, Plaintiff submitted a misleading letter concerning whether or not an extension was warranted. Good cause has not been shown as to the reason for the lengthy time gap. A showing of good cause requires at least "excusable neglect," or "good faith on the part of the party seeking an enlargement [of time] and some reasonable basis for noncompliance within the time specified in the rules." Lujano v. Omaha Pub. Power Dist., 30 F.3d 1032, 1035 (8th Cir. 1994) (internal citation omitted). It is undisputed no settlement negotiations were occurring after April 4, 2002. Plaintiff has identified no sufficient good faith basis for failing to file within 120 days. Judge Boylan was not fully

informed by Plaintiffs as to the status of the case when presented the Proposed Order on November 5, 2002, and therefore it is invalid. Additionally, there is no basis on which to grant a discretionary extension now. Discretionary extensions are appropriate in situations where the applicable statute of limitations would bar the refiled action, or the defendant is evading service or conceals a defect in attempted service. Upetrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995); see also, Advisory Committee Notes (1993) to Fed. R. Civ. P. 4(m). No such circumstances exist here. Accordingly, Plaintiff's service of process on Defendant is insufficient. Dismissal under Rule 12(b)(5) is required.

**B. Personal Jurisdiction**

**1. Standard**

To establish personal jurisdiction, the facts presented must satisfy the requirements of the forum state's long-arm statute, and the exercise of personal jurisdiction over the defendant must not violate due process. Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). The amenability of a foreign corporation to the jurisdiction of a federal district court is controlled by the law of the state in which the federal court sits. Moran v. Vermeer Mfg. Co., 498 F. Supp. 1274, 1278 (W.D. Mo. 1980) (citing Simpkins v. Council Mfg. Corp., 332 F.2d 733, 736 (8th Cir. 1964)). Because Minnesota's long-arm statute, Minn. Stat. § 543.19 (1988), extends jurisdiction to the maximum limit consistent with due process, this court need only evaluate whether the requirements of due process are satisfied. Wessels, Arnold & Henderson v. National Med. Waste, Inc., 65 F.3d 1427, 1431 (8th Cir. 1995).

Due process mandates that a court exercise personal jurisdiction over a non-resident defendant only when the defendant has "certain minimum contacts" with the state, such that

summoning the defendant to the forum state does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that the defendant should "reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The defendant's acts must be substantial enough to give clear notice that it would be subject to suit in the forum state. Id. However, the unilateral activities of one claiming some relationship with the non-resident defendant are not enough to satisfy the minimum contacts requirement. Hanson v. Denckla, 357 U.S. 235, 253 (1958). In every case there must be some act by which a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. Jurisdiction is proper where the contacts proximately result from actions by the defendant that create a "substantial connection" with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

General personal jurisdiction exists when a nonresident has such substantial contacts with the forum state that the state may exert jurisdiction over the nonresident "even for causes of action unrelated to defendant's contacts with forum state." Domtar, Inc. v. Niagara Fire Ins. Co., 533 N.W.2d 25, 30 (Minn. 1995). Specific jurisdiction is not alleged in this case.

**2. Discussion**

Even if service of process had been properly effected, personal jurisdiction in Minnesota is lacking in this case. As outlined above, Defendant has no traditional contacts with Minnesota. Plaintiff argues that Defendant's "ongoing service and maintenance contracts with [Plaintiff] in the state of Minnesota" create general personal jurisdiction over Defendant in Minnesota.

Compl. ¶ 2.

All Defendant's scoring services work in connection with Plaintiff has been performed outside of Minnesota. Defendant's contact with Plaintiff was effected through contacts in Iowa City, Iowa, and checks paying Defendant have come from banks outside Minnesota. Defendant's purchase of scanning machines and paper products from Plaintiff have been coordinated through offices outside Minnesota, and maintenance services have been provided by service personnel in North Carolina. Plaintiff's incorporating in Minnesota does not establish jurisdiction. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1571 (Fed. Cir. 1994) ("[T]he situs of the injury is the location, or locations, at which the infringing activity directly impacts on the interests of the patentee."); McQuay, Inc. v. Samuel Schlosberg, Inc., 321 F. Supp. 902, 907 (D. Minn. 1971). The passive internet website also is not a basis for jurisdiction. Multi-Tech Sys., Inc. v. VocalTec Comms., Inc., 122 F. Supp. 2d 1046, 1050 (D. Minn. 2000) (citing Mink v. AAAA Devel., Inc., 190 F.3d 333, 336 (5th Cir. 1999)). The activities and interaction between Plaintiff and Defendant are not systematic and continuous, and do not create minimum contacts with Minnesota sufficient for general jurisdiction over Defendant. Defendant's Motion to Dismiss is granted.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 5] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: May 2, 2003