**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

NCS Pearson, Inc.,

Plaintiff,

v.

**ORDER**
Civil No. 02-382 ADM/AJB

Measurement Inc.,

Defendant.

---

This matter comes before the undersigned United States District Judge on the Motion for Attorney Fees and Costs [Docket No. 25] submitted by Defendant Measurement Inc.

The May 2, 2003 Order [Docket No. 22] of this Court granted Defendant's Motion to Dismiss based on insufficient service of process due to untimeliness and because there were insufficient minimum contacts with Minnesota to establish personal jurisdiction. As the prevailing party, Defendant seeks fees and costs pursuant to 35 U.S.C. § 285. Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2003).

A prevailing party may show an exceptional case by evidencing vexatious, unjustified or bad faith litigation, misconduct during litigation, or that the lawsuit was frivolous. Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1377 (Fed. Cir. 2001). While "[l]itigation misconduct and unprofessional behavior are relevant to the award of attorney fees," an exceptional case does not exist here. Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996).

Here, the letter submitted by Plaintiff's counsel to Magistrate Judge Boylan requesting a time extension does not constitute vexatious or bad faith litigation. The misleading nature of the

FILED 8-12-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

letter did not relate to the merits of the case and was offered as an explanation for delay in service of the Complaint. The conduct does not render the underlying lawsuit unjustified or frivolous. This Court found:

> [N]o motion for extension was filed by Plaintiff within the 120-day period. Instead, months after the service period expired, Plaintiff submitted a misleading letter concerning whether or not an extension was warranted. Good cause has not been shown as to the reason for the lengthy time gap. . . . It is undisputed no settlement negotiations were occurring after April 4, 2002. Plaintiff has identified no sufficient good faith basis for failing to file within 120 days. Judge Boylan was not fully informed by Plaintiffs as to the status of the case when presented the Proposed Order on November 5, 2002, and therefore it is invalid.

May 2, 2003 Order at 4-5. While the actual existence or status of negotiations was not fully disclosed in Plaintiff's letter, such an omission does not constitute bad-faith misconduct or vexatious behavior. While lacking in candor, Plaintiff's counsel's conduct does not rise to the level necessary to constitute an "exceptional case," and an award of the attorney fees and costs requested by Defendant is not warranted in this case.[1]

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Attorney Fees and Costs [Docket No. 25] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: August 12, 2003

[1] Though the issue of reasonableness of the fee request for a straightforward motion to dismiss for failure to serve process need not be reached, Defendant's request for nearly $80,000 in this circumstance is unreasonable.